IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL PORTELA, | : | CIVIL ACTION |
| Plaintiff | : | CASE NO.: |
| v. | : | **JURY TRIAL DEMANDED** |
| COLLINS FAMILY MARKETS, INC., | : | |
| Defendant | : | |

**COMPLAINT AND JURY DEMAND**

**I.      PRELIMINARY STATEMENT**

1.     This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Michael Portela ("Plaintiff Portela"), a former employee of Defendant Collins Family Markets, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.     This action arises under the Americans with Disabilities Act, as amended, 42 U.S.C. §12010 et seq. ("ADA"), the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101 et seq. ("PFPO"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA")[1].

---

[1] Plaintiff Portela's claims under the PHRA are referenced herein for notice purposes.  Plaintiff Portela must wait 1 full year from the date of dual-filing with the EEOC before initiating a lawsuit under the PHRA. Plaintiff Portela must, however, file his lawsuit under the ADA in advance of same because of the date of issuance of his federal Notice of Right to Sue.  Plaintiff Portela's PHRA claims will mirror identically his federal claims under the ADA.

1

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Portela's claims are substantively based on the ADA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Portela's claims arising under the PFPO and the PHRA.

5. All conditions precedent to the institution of this lawsuit have been fulfilled. On December 31, 2025, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue to Plaintiff Portela, and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Portela has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff Michael Portela ("Plaintiff Portela"), is a thirty-two (32) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 4937 N. 5th Street, Philadelphia, Pennsylvania 19120.

8. Defendant Collins Family Markets, Inc. ("Defendant") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 101 E. Olney Avenue, Philadelphia, Pennsylvania 19120. The Defendant owns and operates four (4) supermarkets doing business under the ShopRite name.

9. At all times relevant hereto, the Defendant acted through its agents, servants, and employees, who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADA, PFPO, and PHRA, and has been, and is, subject to the provisions of each said Act.

11. At all times material herein, Plaintiff Portela has been an "employee" as defined under the ADA, PFPO, and PHRA, and has been, and is subject to the provisions of each said Act.

## IV. STATEMENT OF FACTS

12. Plaintiff Portela was employed by the Defendant from on or about October 10, 2024 until on or about November 1, 2025, the date of his unlawful termination.

13. Upon commencing employment with the Defendant, Plaintiff Portela served as a Laborer/Meat Clerk.

14. As a Laborer/Meat Clerk, Plaintiff Portela's duties included, but were not limited to, assisting Butchers and Meat Cutters by preparing, wrapping, and labelling meat products and stocking those products on grocery shelves. Plaintiff Portela additionally assisted his colleagues in the Deli and Seafood Departments, as requested and needed.

15. At all times relevant hereto, Plaintiff Portela maintained a satisfactory job performance rating with the Defendant and performed his job responsibilities in a dutiful and highly competent manner.

16. As evidence thereof, during his brief tenure of employment, Plaintiff Portela received two (2) merit-based, hourly pay increases. Additionally, management encouraged Plaintiff Portela to obtain his licensing from the Commonwealth of Pennsylvania to obtain a promotion to the role of Butcher with Defendant.[2]

17. As further evidence of his stellar work performance, Plaintiff Portela regularly received praise and commendations from Kareem (last name unknown) ("Kareem"), Meat Manager, Bill Offenback ("Offenback"), Assistant Store Manager, and Anthony Bradley ("Bradley"), Store Manager.

18. At all times during his employment, Plaintiff Portela suffered from serious back conditions including, but not limited to, Herniated Discs, Bulging Discs, and Degenerative Disc Disease. Said medical conditions constitute disabilities as defined by the ADA, PFPO, and PHRA in that they substantially impair one or more of Plaintiff Portela's major life activities including, but not limited to, walking, standing, lifting, and bending.

19. Shortly after Plaintiff Portela's hire, he candidly disclosed his aforesaid disabilities to his managers as they had questions for him after observing him wear a back brace and occasionally holding his back in pain after lifting heavy objects while at work.

20. At all times relevant hereto, the Defendant was aware of Plaintiff Portela's disabilities and perceived him as disabled.

---

[2] Plaintiff Portela in fact obtained his certification to work as a Butcher and learned of his promotion and resultant wage increase shortly before commencing medical leave, discussed hereinbelow.

21.     On occasions Plaintiff Portela experienced exacerbation of his disabilities, he requested assistance from his managers in lifting heavy slabs of meat.  Said requests constituted requests for reasonable accommodation under the ADA, PFPO, and PHRA.

22.     In the early morning hours of August 11, 2025, Plaintiff Portela experienced excruciating and stabbing pain in his lower back that necessitated seeking treatment in the emergency room.  Plaintiff Portela telephoned the Defendant's store and spoke to the Store Manager On-Call to advise that he was seeking treatment at the hospital due to the severe pain he was experiencing from ongoing issues with his back.  Plaintiff Portela advised the Store Manager On-Call that he needed to take a brief medical leave of absence from work as a result thereof.  Said request for medical leave constituted a request for reasonable accommodation under the ADA, PFPO and PHRA.

23.     Plaintiff Portela additionally notified Kareem that he would be absent from work that day due to his back conditions, that he needed a brief medical leave of absence from work, and that he needed to schedule a follow-up appointment with his treating physician on August 19, 2025.

24.     Neither the Store Manager On-Call nor Kareem requested any additional information from Plaintiff Portela in support of his request for a brief medical leave of absence for his disabilities.

25.      On August 12, 2025, Plaintiff Portela provided Defendant's management with medical documentation from the hospital that he received upon discharge.  Management asked Plaintiff Portela no questions, nor did they request any further information or documentation from Plaintiff Portela at that time.

26. On August 15, 2025, Plaintiff Portela reminded Defendant's management that he had a doctor's appointment on August 19, 2025 and that he would learn at that time when he would be cleared to return to work. Again, Defendant's management asked Plaintiff Portela no questions related to his medical leave, nor did they require that Plaintiff Portela furnish Defendant with any documentation in support thereof.

27. On August 19, 2025, Plaintiff Portela learned from his doctor that he would need to undergo surgery to remove a Pilonidal Cyst on his back. Said medical condition constitutes a disability as defined by the ADA, PFPO, and PHRA in that it substantially impaired one or more of Plaintiff Portela's major life activities including, but not limited to, walking, standing, sitting, lifting, bending, and sleeping.

28. Following his doctor's appointment, Plaintiff Portela advised management, including, but not limited to, Offenback and Kareem, that he would need surgery on his back. Plaintiff Portela visited the workplace and spoke to Offenback about his disability and upcoming surgery, explaining that his need to sit with frequency due to his Herniated Discs, Bulging Discs, and Degenerative Disc Disease likely led to the development of the cyst.

29. Plaintiff Portela further explained to Offenback during his on-site visit that he would have a several-inch long incision along his spine to remove the cyst and would need several weeks of leave following surgery to heal before resuming his duties in the Meat Department. Said request for medical leave constituted a request for reasonable accommodation under the ADA, PFPO, and PHRA.

30. In response, Offenback expressed to Plaintiff Portela his perception that Plaintiff Portela would not be able to serve as either a Laborer or Butcher in the Meat Department due to his "back problems" and need for surgery. Offenback told Plaintiff Portela that his job is "hard" and he should consider a desk job instead. Plaintiff Portela responded that he fully anticipated being able to make a full recovery and that he planned and desired to return to work as soon as he received medical clearance from his doctor.

30. Once Plaintiff Portela received his surgery date, he promptly informed Defendant's management, including Kareem and the Store Manager On-Call when he telephoned the workplace.

31. On October 10, 2025, Plaintiff Portela underwent the aforesaid surgery. Following surgery, Plaintiff Portela was placed on bedrest for several weeks to heal and recover. During his leave, Plaintiff Portela kept in frequent contact with the Defendant. At no time during his leave did anyone ever ask for additional medical documentation or information from Plaintiff Portela about the medical reason for his absence or his anticipated return to work date.

32. On October 30, 2025, during a follow-up visit with his doctor, Plaintiff Portela was cleared to return to work on November 17, 2025. Plaintiff Portela received a note from his doctor stating his clearance date of November 17, 2025.

33. That same day, Plaintiff Portela telephoned the office and spoke with Offenback, the Store Manager On-Call. Plaintiff Portela shared with Offenback that his doctor had cleared him to return to work on November 17, 2025 and told him that he had a note from his doctor stating the same. Offenback cryptically told Plaintiff Portela that

7

he would need to "put in another application" for employment with the Defendant, but would not tell Plaintiff Portela the reason or anything further.

34.     The following day, November 1, 2025, Plaintiff Portela visited the workplace to meet with Bradley.  During the meeting, Plaintiff Portela shared that his doctor had cleared him to return to work as of November 17, 2025 and provided the doctor's note clearing his return to work.  Plaintiff Portela additionally expressed that he was looking forward to getting back to start working as a Butcher.

34.     In response, Bradley curtly informed Plaintiff Portela that he was no longer on medical leave and that the Defendant had terminated his employment, effective September 20, 2025, claiming that Plaintiff Portela "should have kept in touch better" during his medical leave.

35.     The actions of the Defendant, in terminating Plaintiff Portela's employment during his medical leave, constitute a blatant failure to accommodate his disabilities.

36.     Plaintiff Portela believes and avers that the Defendant's articulated reason for his termination is false and pretextual and that the Defendant actually terminated his employment due to his actual and/or perceived disabilities and/or record of impairment, and/or in retaliation for requesting reasonable accommodations for his disabilities.

37.     As evidence thereof, throughout his leave, Plaintiff Portela kept in regular communication with Defendant's management.

38.      Moreover, at no time did the Defendant request that Plaintiff Portela complete any medical documentation in support of his leave, although Plaintiff Portela

shared with Defendant documentation he received from his physicians related to his disabilities, surgery, and medical clearance to return to work.

39. Further, at no time during his leave did Plaintiff Portela ignore any efforts by the Defendant to communicate with him and Plaintiff Portela continued to communicate with management and his Union after the alleged September 20, 2025 termination date and no one mentioned that his employment had already been terminated.

## COUNT I
### (ADA – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, Retaliation)
### Plaintiff Portela v. the Defendant

40. Plaintiff Portela incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Portela to discrimination on the basis of his actual and/or perceived disabilities and/or record of impairment, in failing to accommodate his disabilities, and in retaliating against him for requesting reasonable accommodation for his disabilities, ultimately resulting in the termination of his employment, constituted violations of the ADA.

42. As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Portela sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain

benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

43. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Portela suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PFPO – Actual and/or Perceived Disability and/or Record of Impairment Discrimination, Failure to Accommodate, Retaliation)
**Plaintiff Portela v. the Defendant**

44. Plaintiff Portela incorporates by reference paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Portela to discrimination on the basis of his actual and/or perceived disabilities and/or record of impairment, in failing to accommodate his disabilities, and in retaliating against him for requesting reasonable accommodation for his disabilities, ultimately resulting in the termination of his employment, constituted violations of the PFPO.

46. As a direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PFPO, Plaintiff Portela sustained permanent and irreparable harm, resulting in his termination from employment, which caused him to sustain a loss of earnings, plus the value of certain

benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## PRAYER FOR RELIEF

47. Plaintiff Portela incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Portela requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Portela, reimburse Plaintiff Portela, and make Plaintiff Portela whole for any and all pay and benefits he would have received had it not been for Defendant's unlawful actions, as aforesaid, including, but not limited to, back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

b. Defendant pay to Plaintiff Portela punitive damages, as permitted by applicable law, in an amount believed by the Court or the trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

c. Defendant pay to Plaintiff Portela compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Portela pre and post judgment interest, costs of suit, and attorney and expert witness fees as allowed by law; and

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Portela demands trial by jury.

                                  **KARPF, KARPF & CERUTTI, P.C.**

By: _____
      Ari R. Karpf, Esq.
      8 Interplex Drive
      Suite 210
      Feasterville-Trevose, PA 19053
      (215) 639-0801

Dated: January 27, 2026

# **VERIFICATION**

The undersigned states that the facts in the foregoing Complaint and Jury Demand are true and correct to the best of his knowledge, information and belief. The undersigned understands that any intentionally false statements herein are subject to criminal penalties relating to sworn and unsworn statements.

Dated: 1/26/2026

_____
Michael Portela

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael Portela | : | CIVIL ACTION |
| v. | : | |
| Collins Family Markets, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 1/27/2026 | *(signature)* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?   Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PORTELA, MICHAEL

**DEFENDANTS**
COLLINS FAMILY MARKETS, INC.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PFPO and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 1/27/2026

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____